UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CRIMINAL PRODUCTIONS, INC.,

Plaintiff(s),

v.

MARIA JENKINS, et al.,

Defendant(s).

Case No. 2:16-CV-2704 JCM (PAL)

ORDER

Presently before the court is defendant Kimberly Crawford's motion to dismiss. (ECF No. 16). Plaintiff Criminal Productions, Inc. filed a response (ECF No. 24), to which defendant replied (ECF No. 25).

Also before the court is plaintiff's motion for default judgment against defendants Joseph Smith and Raimond Perez. (ECF No. 49).

Also before the court is defendant Tracy Cordoba's motion for attorney's fees. (ECF No. 51). Plaintiff filed a response (ECF No. 55), to which Cordoba replied (ECF No. 56).

Also before the court is plaintiff's motion for a hearing regarding defendant's motion for attorney's fees. (ECF No. 57).

**I.    Facts**

Plaintiff produced the motion picture "Criminal." (ECF No. 1). Upon discovering that the motion picture had been unlawfully disseminated over BitTorrent networks and shared amongst numerous users, plaintiff took steps to protect its intellectual property. *Id.* Plaintiff engaged the services of a forensic investigator, MaverickEye, to identify the most serious infringers. *Id.* Plaintiff separated these infringers into small groups of ten to thirty people who shared the same

**James C. Mahan**
**U.S. District Judge**

1 digital file over the same peer-to-peer file sharing network. *Id.* Prior to filing suit, plaintiff consulted an independent third-party consultant to verify the accuracy of the information. *Id.*

Plaintiff filed the present case against sixteen Doe defendants, originally identified by their IP addresses. *Id.* After conducting discovery to obtain names and contact information for the IP addresses, plaintiff sent demand letters to the identified defendants. *Id.* On March 27, 2017, plaintiff amended its complaint to personally name the identified defendants. (ECF No. 10). Defendant Smith was served on May 3, 2017, and defendant Perez was served on May 7, 2017.[1] (ECF Nos. 19, 20). Neither Smith nor Perez have appeared in this action.

**II.     Legal Standard**

*a. Default judgment*

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

---

[1] The court will address the factual background specific to defendant Cordoba in its discussion of her motion for attorney's fees.

James C. Mahan
U.S. District Judge

- 2 -

*b. Attorney's fees and costs*

In copyright cases "the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The prevailing party may also recover costs related to prosecuting or defending the action. *Id.*

### III. Discussion

As an initial matter, the court will deny defendant Crawford's motion to dismiss as moot. Plaintiff filed a notice of voluntary dismissal of defendant Crawford, (ECF No. 45), and the clerk's office subsequently terminated defendant Crawford from the litigation. Accordingly, defendant Crawford's motion to dismiss is moot.

*a. Plaintiff's motion for default judgment*

Plaintiff requests the court enter default judgment against defendants as follows: $15,000 per defendant in statutory damages; a permanent injunction against each defendant; and attorney's fees and costs in the amount of $8,547.50. (ECF No. 49).

On July 26, 2017, plaintiff filed a motion for entry of clerk's default as to defendants Smith and Perez (ECF No. 28), and the clerk subsequently entered default, (ECF No. 29). Therefore, plaintiff has satisfied subsection (a) of Federal Rule of Civil Procedure 55.

The first *Eitel* factor weighs in favor of default judgment in this case. Defendants have failed to respond or appear in the case, which prejudices plaintiff's ability to pursue its claims on the merits and seek recovery of damages. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal 2002) ("Potential prejudice to Plaintiffs favors granting a default judgment. If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

The second and third *Eitel* factors favor plaintiff in this case. Plaintiff's complaint adequately alleges plaintiff's copyright infringement claims. *See Eitel*, 782 F.2d at 1471.

The fourth *Eitel* factor, which compares the amount of money at stake to the seriousness of defendant's conduct, supports a default judgment in favor of plaintiff. "If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default

judgment is warranted." *Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010).

For statutory damages, plaintiff requests $15,000 per defendant under 17 U.S.C. § 504(c). The statute sets a $750 minimum and $30,000 maximum award for damages in copyright infringement cases. 17 U.S.C. § 504(c)(1). The maximum increases to $150,000 when the infringement was willful. 17 U.S.C. § 504(c)(2). Courts have "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (quoting *Harris v. Emus Records Corp.*, 738 F.2d 1329, 1335 (9th Cir. 1984)).

Given defendants' numerous opportunities to respond to plaintiff's demand letters or otherwise appear in the action, coupled with plaintiff's unopposed allegations that the court takes as true, the court holds defendants willfully infringed on plaintiff's copyright. However, similarly to another court in this district,[2] the court holds that an award of $15,000 would severely overcompensate plaintiff and unduly punish defendants for the conduct at issue here. The court will exercise its discretion and award statutory damages in the amount of $1,500 against each defendant. *See Peer*, 909 F.2d at 1336. This award will adequately protect plaintiff's copyrights without constituting excessive punishment. *See LHF Productions, Inc. v. Buenafe*, no. 2:16-cv-01804-JAD-NJK, 2017 WL 4797523, at *4 (D. Nev. Oct. 24, 2017).

The Copyright Act allows courts to award the recovery of full costs and reasonable attorney's fees to the prevailing party. 17 U.S.C. § 505. Plaintiff moves for $7,987.50 in attorney's fees and $560 in costs, for a total of $8,547.50.

Therefore, the total sum of money at stake is $11,547.50.[3] Thus, the fourth factor favors an entry of default judgment. *See Eitel*, 782 F.2d at 1471.

The fifth *Eitel* factor, the possibility of a dispute concerning material facts, favors plaintiff. Here, there is no dispute concerning the material facts of the case. Plaintiff has adequately pleaded

---

[2] In *LHF Productions, Inc. v. Buenafe*, no. 2:16-cv-01804-JAD-NJK, 2017 WL 4797523 (D. Nev. Oct. 24, 2017), Judge Dorsey awarded plaintiff $1,500 in statutory damages on a legally identical fact pattern.

[3] $1,500 in statutory damages per defendant, plus $8,547.50 in attorney's fees and costs.

James C. Mahan
U.S. District Judge

- 4 -

copyright infringement claims. Further, "[o]nce the clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages." *O'Brien v. United States of America*, no 2:07-cv-00986-GMN-GWF, 2010 WL 3636171, at *1 (D. Nev. Sept. 9, 2010). Therefore, the court must accept all well-pleaded factual allegations in plaintiff's complaint as true. Considering the well-pleaded factual allegations, there are no disputes of material fact regarding defendants' infringing conduct. Accordingly, the fifth *Eitel* factor favors plaintiff. *See Eitel*, 782 F.2d at 1471–72.

The sixth *Eitel* factor considers excusable neglect. 782 F.2d at 1472. The factor favors entry of default judgment when the defendant has been properly served or plaintiff shows that defendant is aware of the lawsuit and failed to answer. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). Here, plaintiff properly served defendants, who have failed to answer or otherwise appear. Accordingly, the courts holds that plaintiff has demonstrated defendants' failure to appear is not the result of excusable neglect. *See id.* The sixth *Eitel* factor favors default judgment in this case. *See Eitel*, 782 F.2d at 1472.

The seventh *Eitel* factor considers the strong policy favoring case disposition on the merits. *Id.* While public policy generally favors disposition on the merits, default judgment is proper when a defendant deliberately chooses not to defend the case. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Defendants' conduct in this case has made it impractical, if not impossible, to adjudicate this case on the merits. Accordingly, default judgment is appropriate. *See Eitel*, 782 F.2d at 1472; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

After considering the foregoing, the court finds good cause to grant plaintiff's motion for default judgment. Moreover, plaintiff has properly complied with Rule 55. Therefore, the court will grant plaintiff's motion for default judgment.

Plaintiff requests a permanent injunction against defendants "enjoining them from directly or indirectly infringing Plaintiff's rights as to the Plaintiff's motion picture, including without limitation using the Internet to reproduce, to distribute, to copy, or to publish the motion picture." (ECF No. 49 at 12).

**James C. Mahan**
**U.S. District Judge**

The Copyright Act allows courts to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). The Supreme Court held in *eBay Inc. v. MercExchange, L.L.C.* that a plaintiff must satisfy a four-factor test to receive a permanent injunction in a patent-infringement case. 547 U.S. 388, 391 (2006). Plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* This test also applies to copyright-infringement cases. *Flexible Lifeline Systems, Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 995–96 (9th Cir. 2011).

Plaintiff argues that "[m]onetary damages alone are simply inadequate" because "absent injunctive relief to force the deletion of each torrent file from the Defendants' computers ... infringement will continue unabated in exponential fashion." (ECF No. 49 at 11). The court holds that the monetary judgment in this case is sufficient to compensate plaintiff for any infringement injury and likely to sufficiently deter defendants from infringing plaintiff's copyright, so plaintiff fails to satisfy the second factor of the permanent-injunction test. *See MercExchange*, 547 U.S. at 391. Accordingly, the court will deny plaintiff's request for injunctive relief.

  b. *Defendant Cordoba's motion for attorney's fees*

  1. *Plaintiff's request for a hearing*

The court will deny plaintiff's request for a hearing, as the parties' positions are adequately presented in their filings. However, the court notes plaintiff's well-founded frustration with defendant's inclusion in its reply of pleadings from a "related" case.

Defendant should not have included a pleading from another case in its reply in support of its motion for summary judgment. *See* (ECF No. 55). Its inclusion amounts to mudslinging. Defendant's conduct suggests that a party's allegations against plaintiff in a separate case are verified facts and asks this court to consider these allegations when ruling on the pending motion for attorney's fees. Further, including this exhibit in its reply starved plaintiff of the opportunity

to respond. However, as the court has not considered the exhibit when ruling on defendant's motion for attorney's fees, the court need not hold a hearing regarding its propriety.

 *2. Defendant's motion*

Defendant Cordoba requests attorney's fees and costs in connection with her defense of this case and plaintiff's eventual dismissal of its claims against Cordoba pursuant to Federal Rule of Civil Procedure 41. (ECF No. 51). Defendant argues that plaintiff's dismissal entitles her to prevailing party status, which would merit an award pursuant to 17 U.S.C. § 505. *Id.* Defendant argues in the alternative that she is entitled to attorney's fees pursuant to Federal Rule of Civil Procedure 68, as plaintiff refused defendant's offer of judgment and did not obtain a more favorable case disposition thereafter. *Id.* Plaintiff argues that defendant did not obtain a judgment on the merits, and is not entitled to fees under either theory. (ECF No. 55).

 *A. Whether defendant is a "prevailing party"*

"Congress has included the term 'prevailing party' in various fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner." *CRST Van Expedited, Inc. v. EEOC*, 136 S.Ct. 1642, 1646 (2016) (citing *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dept. of Health & Human Res.*, 532 U.S. 598, 602-03, and n.4 (2001)).

Prior to *CRST Van*, the Court had "not set forth in detail how courts should determine whether a defendant has prevailed." 136 S.Ct. at 1646. In *CRST Van*, the plaintiff at the trial level argued, and the court of appeals held, that in order to be the prevailing party, a defendant must have obtained a disposition on the merits. *Id.* at 1650. The Court noted that "[c]ommon sense undermines the motion that a defendant cannot 'prevail' unless the relevant disposition is on the merits." *Id.* at 1651. "Congress must have intended that a defendant could recover fees expended in frivolous, unreasonable, or groundless litigation when the case is resolved in the defendant's favor, whether on the merits or not." *Id.* at 1652.

Here, plaintiff engaged in unreasonable litigation tactics as related to defendant Cordoba. Defendant Cordoba responded to plaintiff's initial demand letters with a statement of innocence, claiming that someone must have accessed her unsecured network without permission and participated in the relevant BitTorrent swarm. (ECF No. 51). She communicated her interaction

**James C. Mahan**
**U.S. District Judge**

- 7 -

with Cox and her subsequent efforts to secure her wireless network. *Id.* She offered to turn her computer over to plaintiff for investigation. *Id.*

When plaintiff declined to investigate Cordoba's computer and continued to litigate the case against Cordoba, she served plaintiff with an offer of judgment. *Id.* Plaintiff refused. *Id.* Cordoba then filed a motion to dismiss plaintiff's claims against her. (ECF No. 13).

Plaintiff states that its normal policy when a defendant brings unique defenses is to seek to expedite severance, dismiss defendant from the case and pursue a separate action against that defendant. (ECF No. 55 at 7). But plaintiff did not do that in Cordoba's case. (ECF No. 51). Instead, plaintiff filed a response to defendant's motion to dismiss and prepared a proposed discovery plan which ignored defendant's objections. (ECF Nos. 24, 37). In response, defendant filed a motion to stay litigation. (ECF No. 36).

Almost two months after Cordoba filed her motion to dismiss and 18 days after Cordoba filed her motion to stay discovery, plaintiff filed a notice of voluntary dismissal as to Cordoba. (ECF No. 44). Plaintiff has not brought a separate action against Cordoba since dismissing Cordoba from the present litigation.

Plaintiff's prosecution of its case as related to defendant Cordoba was unreasonable. Plaintiff turned a blind eye to Cordoba's attempts to distinguish her situation from the other defendants involved in the current litigation, and refused to meaningfully engage in compromise or settlement negotiations with Cordoba. Plaintiff's tactics caused Cordoba to spend far more in attorney's fees than should have been required of her to defend this case. Ultimately, plaintiff dismissed defendant Cordoba from the lawsuit. Pursuant to *CRST Van*, plaintiff's voluntary dismissal of defendant makes defendant a "prevailing party" for purposes of the applicable fee-shifting statute. *See* 136 S.Ct. at 1651. Therefore, defendant is eligible for attorney's fees in this case.

Plaintiff's citations to *Cadkin v. Loose*, 569 F.3d 1142 (9th Cir. 2009), and *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dept. of Health & Human Res.*, 532 U.S. 598 (2001), do not alter this result. The court in *Cadkin* relied specifically on the holding in *Buckhannon* that a defendant cannot qualify as a prevailing party unless it obtains a "material alteration of the legal relationship

of the parties." 569 F.3d at 1148; *see* 532 U.S. at 604. However, the court in *CRST Van* specifically noted that a defendant need not obtain a judgment on the merits in order to qualify for attorney's fees under a "prevailing party" analysis. 136 S.Ct. at 1652. Further, the Ninth Circuit recently cited *CRST Van* for the proposition that "defendants who prevail for various non-meritorious reasons [could] still be deemed 'prevailing parties.'" *Amphastar Pharmaceuticals, Inc. v. Aventis Pharma SA*, 856 F.3d 696, 709 (2017) (citing *CST Van*, 136 S.Ct. at 1651-54).

### B. The appropriate award

Defendant requests $44,687.00 (plus reply fees). (ECF No. 51). Plaintiff has not disputed the reasonableness of defendant's request. *See generally* (ECF No. 55).

Defendant's motion adequately describes the reasonableness of her requested fee award based on the *Kerr* factors and Local Rule 54-14(b)(3). Counsel obtained a favorable ruling for defendant on a fact pattern that is relatively new to the Nevada legal market. Defendant also points to similar litigation awards in BitTorrent cases in other districts.

Plaintiff's litigation strategy forced defendant to incur more legal fees than would otherwise have been necessary to defend this case. Plaintiff's counsel failed to provide defendant with unpublished trial court orders and providing inaccurate citations, which augmented the difficulties defense counsel faced in litigating its position. Further, plaintiff refused to accommodate defendant's reasonable scheduling requests. Furthermore, plaintiff's decision to file a unilateral scheduling order and ignore defendant's objections caused defendant to incur otherwise unnecessary expenses to convey to the court its position regarding discovery.

Defendant requests the court award fees based on the following billed hours and rates: 9.20 hours at $525 an hour to I. Scott Bogatz; 126.70 hours at $250 an hour to Kerry Kleiman; and 55.20 hours at $150 an hour for law clerks Brad Lipman and Ashley Burkett.[4] (ECF No. 51). Based on the motion and on the attached declaration, the court holds that the requested rates are reasonable. Further, after having reviewed the time and fee summary attached to defendant's

---

[4] Defense counsel actually billed defendant Cordoba at discounted rates. (ECF No. 51). However, courts may not rely solely on the rates actually charged to determine the reasonableness of an hourly rate, and must instead consider the prevailing rate in the community for similar work performed by similarly-situated attorneys. *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995).

motion, the court holds that defendant's counsel reasonably billed 191.10 hours while defending this case.

Accordingly, the court will award fees in the following amounts: $4,830.00 for the time billed by I. Scott Bogatz; $31,565.00 for the time billed by Kerry Kleiman; and $8,280.00 for the time billed by law clerks Brad Lipman and Ashley Burkett. Therefore, the total attorney's fee award is $44,675.00. This number does not include the reasonable rate for reply fees related to this motion. The court holds that defendant is entitled to fees reasonably spent producing a reply, which does not include any time spent researching the litigation referenced in Exhibit A to defendant's reply.

Further, the defendant's requested costs of $17.00 were reasonably incurred.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Crawford's motion to dismiss (ECF No. 16) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion for default judgment (ECF No. 49) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that defendant Cordoba's motion for attorney's fees (ECF No. 51) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for a hearing (ECF No. 57) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff shall prepare and file an appropriate judgment for the court's signature (as related to the defaulted defendants), consistent with the foregoing, within twenty-one (21) days of the entry of this order.

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that defendant Cordoba shall prepare and file an appropriate judgment for the court's signature (as related to attorney's fees and costs), consistent with the foregoing, within twenty-one (21) days of the entry of this order.

DATED March 29, 2018.

_____
UNITED STATES DISTRICT JUDGE