UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC., | Case No. 2:16-CV-2704 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| MARIA JENKINS, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Criminal Productions, Inc.'s motion for an extension of time to file a notice of appeal. (ECF No. 64).

Generally, a notice of appeal in a civil case must be filed within 30 days of an entry of judgment or appealable order. Fed. R. App. P. 4(a). Pursuant to Federal Rule of Appellate Procedure 4, a "district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5). The Ninth Circuit has previously held that docketing errors based on a misreading of Federal Rule of Appellate Procedure 4 can constitute excusable neglect in the context of filing a late notice of appeal. *See Pincay v Andrews*, 389 F.3d 853, 855, 859-60 (9th Cir. 2004) (en banc) ("The federal rule is a . . . flexible one that permits a narrow 30-day window for requesting an extension, and the trial court has wide discretion as to whether to excuse this lapse.").

Two weeks after this court entered judgment in this case, plaintiff obtained new counsel to represent it on appeal. Plaintiff's counsel intended to file a motion to vacate based on Federal Rule of Civil Procedure 59(e) and Rule 60(b), which counsel anticipated would toll the deadline for filing a notice of appeal. (ECF No. 64). The deadline for filing a motion based on Rule 59(e) is

**James C. Mahan**
**U.S. District Judge**

28 days after judgment. However, due to a delay in obtaining plaintiff's file and a scheduling error, counsel was unable to file the motion until thirty days after the entry of judgment. *Id.* Unfortunately, plaintiff's motion referenced both Rule 59(e) and Rule 60(b), which necessitated submission of a corrected motion the following day based solely on Rule 60(b). *Id.* Therefore, because plaintiff did not file his motion to vacate within thirty days of judgment, the motion did not toll the deadline for filing a notice of appeal. *Id.*

The deadline to file a notice of appeal was May 17, 2018. Plaintiff filed a notice of appeal one day late, on May 18, 2018.

After reviewing plaintiff's motion and the record in this case, the court holds that plaintiff has demonstrated excusable neglect and the interests of justice favor granting plaintiff's motion. *See Pincay*, 389 F.3d at 859-60. The timing of the notice (a day late) and the prompt filing of this motion demonstrate that counsel has made a diligent effort to correct an excusable mistake that will not prejudice defendants. As plaintiff has already filed its notice of appeal, the court will grant the motion *nunc pro tunc*.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for extension of time to file a notice of appeal (ECF No. 64) be, and the same hereby is, GRANTED.

DATED May 24, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**