UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC., | Case No. 2:16-CV-2704 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| MARIA JENKINS, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Criminal Productions, Inc.'s ("plaintiff") motion to vacate. (ECF No. 62). No response has been filed.

Also before the court is plaintiff's motion for indication of ruling regarding its motion to vacate. (ECF No. 70). Defendant Tracy Cordoba ("defendant") filed a response (ECF No. 75), to which plaintiff replied (ECF No. 77).

Also before the court is plaintiff's amended motion to vacate. (ECF No. 71). Defendant filed a response (ECF No. 74), to which plaintiff replied, (ECF No. 76).

**I.     Facts**

Plaintiff produced the motion picture "Criminal." (ECF No. 1). Upon discovering that the motion picture had been unlawfully disseminated over BitTorrent networks and shared amongst numerous users, plaintiff took steps to protect its intellectual property. *Id.* Plaintiff engaged the services of a forensic investigator, MaverickEye, to identify the most serious infringers. *Id.* Plaintiff separated these infringers into small groups of ten to thirty people who shared the same digital file over the same peer-to-peer file sharing network. *Id.* Prior to filing suit, plaintiff consulted an independent third-party consultant to verify the accuracy of the information. *Id.*

Plaintiff filed the present case against sixteen Doe defendants, originally identified by their IP addresses. *Id.* After conducting discovery to obtain names and contact information for the IP addresses, plaintiff sent demand letters to the identified defendants. *Id.* On March 27, 2017, plaintiff amended its complaint to personally name the identified defendants, including defendant Tracy Cordoba. (ECF No. 10).

On March 29, 2018, the court granted plaintiff's motion for default judgment against another named defendant and defendant Cordoba's motion for attorney fees. (ECF No. 58). Subsequently, on April 17, 2018, the court entered a judgment awarding defendant attorney fees in the amount of $44,675.00. (ECF No. 60). On May 17, 2018, plaintiff filed its motion to vacate the judgment on attorney fees. (ECF No. 62). One day later, on May 18, 2018 plaintiff filed its notice of appeal as to the order and subsequent judgment. (ECF No. 65).

Since filing its notice of appeal, plaintiff now moves for indication of ruling regarding its first motion to vacate, (ECF No. 70), as well as an amended motion to vacate the judgment awarding attorney fees, (ECF No. 71).

**II.     Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). "Motions for reconsideration are not 'the proper vehicles for rehashing old arguments,' and are not 'intended to give an unhappy litigant one additional chance to sway the judge.'" *Hernandez v. IndyMac Bank*, Case No. 2:12-cv-00369-MMD-CWH, 2012 WL 3860646, at *3 (D. Nev. Sept. 15, 2012) (internal citations omitted).

### III. Discussion

By filing a notice of appeal before filing its amended motion to reconsider, plaintiff divested the court of jurisdiction "over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997):

> (a) If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> 
>> (1) defer considering the motion;
>> 
>> (2) deny the motion; or
>> 
>> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a); *see also Braun-Salinas v. Am. Family Ins. Grp.*, 2015 U.S. Dist. LEXIS 1914, 2015 WL 128040, at *2 (D. Or. Jan. 8, 2015) (applying Rule 62.1 to a motion for reconsideration filed after a notice of appeal). For the following reasons, the court will deny the motion under Rule 62.1(a)(2).

The prior order granting defendant attorney fees was based, in part, on defendant's argument that she should be considered a "prevailing party" for the purpose of recovering attorney fees under the Copyright Act. In copyright cases "the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The prevailing party may also recover costs related to prosecuting or defending the action. *Id.* Essentially, plaintiff now attempts to rehash already settled arguments regarding whether defendant can be deemed a "prevailing party" for the purpose of recovering attorney fees. (ECF No. 71).

In the order granting attorney fees, the court utilized the test set forth under *CRST Van Expedited, Inc. v. EEOC*, 136 S.Ct. 1642, 1646 (2016). In *CRST Van*, the plaintiff at the trial level argued, and the court of appeals held, that in order to be the prevailing party, a defendant must have obtained a disposition on the merits. *Id.* at 1650. The Court noted that "[c]ommon sense undermines the notion that a defendant cannot 'prevail' unless the relevant disposition is on the merits." *Id.* at 1651. "Congress must have intended that a defendant could recover fees expended

in frivolous, unreasonable, or groundless litigation when the case is resolved in the defendant's favor, whether on the merits or not." *Id.* at 1652.

As the court has already noted in the previous order, plaintiff engaged in unreasonable litigation tactics as related to defendant. Defendant responded to plaintiff's initial demand letters with a statement of innocence, claiming that someone must have accessed her unsecured network without permission and participated in the relevant BitTorrent swarm. (ECF No. 51). She communicated her interaction with Cox and her subsequent efforts to secure her wireless network. *Id.* She offered to turn her computer over to plaintiff for investigation. *Id.*

When plaintiff declined to investigate defendant's computer and continued to litigate the case against defendant, she served plaintiff with an offer of judgment. *Id.* Plaintiff refused. *Id.* Cordoba then filed a motion to dismiss plaintiff's claims against her. (ECF No. 13).

Pursuant to *CRST Van*, the court found plaintiff's voluntary dismissal of defendant makes defendant a "prevailing party" for purposes of the applicable fee-shifting statute. *See* 136 S.Ct. at 1651. Therefore, the court determined that defendant is eligible for an award of attorney fees in this case.

Plaintiff's continued citations to *Cadkin* and Buckhannon, which held that a defendant cannot qualify as a prevailing party unless it obtains a "material alteration of the legal relationship of the parties," do not alter this result. *See Cadkin v. Loose*, 569 F.3d 1142, 1148 (9th Cir. 2009); *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dept. of Health & Human Res.*, 532 U.S. 598, 604 (2001). The Supreme Court in *CRST Van* specifically noted that a defendant need not obtain a judgment on the merits in order to qualify for attorney's fees under a "prevailing party" analysis. 136 S.Ct. at 1652. Further, the Ninth Circuit recently cited *CRST Van* for the proposition that "defendants who prevail for various non-meritorious reasons [could] still be deemed 'prevailing parties.'" *Amphastar Pharmaceuticals, Inc. v. Aventis Pharma SA*, 856 F.3d 696, 709 (2017) (citing *CRST Van*, 136 S.Ct. at 1651-54). The Supreme Court and Ninth Circuit's cases are controlling, and this court properly relied on their holdings in *CRST Van* and *Amphastar Pharmaceuticals*, respectively.

James C. Mahan
U.S. District Judge

- 4 -

In its amended motion to vacate (ECF No. 71), plaintiff has offered no newly discovered evidence, has not shown that this court "committed clear error or the initial decision was manifestly unjust," and has not presented any "intervening change in controlling law." *See* Fed. R. Civ. P. 60(b); *see also* (ECF No. 71). Accordingly, there exists no basis pursuant to Rule 60(b) upon which the court may grant plaintiff's motion to vacate.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to vacate (ECF No. 62) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion for indication (ECF No. 70) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's amended motion to vacate (ECF No. 71) be, and the same hereby is, DENIED.

DATED August 21, 2018.

_____
UNITED STATES DISTRICT JUDGE